UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:19-cv-03414-AB-PD | Date: February 23, 2022 |
| Title  *Lee Roy Miller v. Tammy Foss* | |

Present: The Honorable:   Patricia Donahue, United States Magistrate Judge

| | |
|---|---|
| Isabel Martinez | N/A |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order to Show Cause Why Stay Should Not Be Vacated

## I.   Pertinent Procedural History

On April 26, 2019, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his state court conviction for second degree murder. [Dkt. No. 1.] On May 21, 2019, Respondent filed a Motion to Dismiss the Petition, arguing that all claims raised by Petitioner were unexhausted. [Dkt. No. 8.] On June 24, 2019, Petitioner filed a Motion for Stay and Abeyance and Opposition to Motion to Dismiss, in which he sought to have this action stayed and held in abeyance while he returned to state court to exhaust his claims. [Dkt. No. 8.] On August 5, 2019, the Court granted Petitioner's Motion for Stay and Abeyance, stayed the action, and denied Respondent's Motion to Dismiss without prejudice. [Dkt. No. 17.]

At that point, Petitioner returned to state court and filed a petition for writ of habeas corpus in the California Court of Appeal, which summarily denied the petition. [*See* Dkt. No. 42-3 at 14.] He then filed a petition for writ of habeas corpus in the California Supreme Court, which denied the petition, citing *People v. Duvall*, 9 Cal.4th 464, 474 (1995) (a petition for writ of habeas corpus must include copies of reasonably available documentary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:19-cv-03414-AB-PD                                        Date: February 23, 2022

Title   *Lee Roy Miller v. Tammy Foss*

evidence), and *In re Swain*, 34 Cal.2d 300, 304 (1949) (a petition for writ of habeas corpus must allege sufficient facts with particularity). [*See* Dkt. No. 32 at 2.] After Petitioner filed a status report notifying the Court of the California Supreme Court's decision, the Court vacated the stay. [Dkt. Nos. 32 & 33.]

On November 9, 2020, Respondent moved to dismiss the Petition as unexhausted. [Dkt. No. 41.] On March 31, 2021, the Court granted Respondent's motion to dismiss without prejudice and granted Petitioner leave to file another motion for stay and abeyance. [Dkt. No. 47.] On May 3, 2021, Petitioner filed his "Reply to Respondent's Opposition to Motion to Stay and Abeyance," which the Court construed as a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). [Dkt. No. 48.] On June 9, 2021, the Court then granted the motion for stay – the second stay in this matter – and ordered Petitioner to file a state habeas petition in the California Supreme Court setting forth all unexhausted claims contained in his Petition no later than August 9, 2021, and to file a status report in this Court by September 9, 2021.

On August 5, 2021, Petitioner requested a 60-day extension to comply with the Court's order. On October 29, 2021, the Court granted the request and ordered him to file a state habeas petition in the California Supreme Court setting forth all unexhausted claims contained in his Petition no later than December 29, 2021 and to file a status report in this Court by January 29, 2021.[1] [Dkt. No. 53.]

On February 3, 2022, Petitioner filed a status report, informing the Court that he has not yet filed a state habeas petition in the California Supreme Court. [*See* Dkt. No. 56.] In an attempt to explain why he had

---

[1] In that same order, the Court denied Petitioner's motion to voluntarily dismiss the Petition without prejudice [*see* Dkt. No. 52], explaining that such a dismissal would in all likelihood render any subsequent habeas petition untimely [*see* Dkt. No. 53 at 2-5]. Although the Court stated that Petitioner could nevertheless file another request to dismiss [*see id*. at 5], Petitioner opted against doing so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:19-cv-03414-AB-PD                                    Date: February 23, 2022

Title     _Lee Roy Miller v. Tammy Foss_

failed to comply with the Court's extended deadline, he stated that he had only just received "materials and evidence" from his former attorney, that the materials were "out of order" and "confusing," and that his former attorney had failed to send him trial and sentencing transcripts. [_Id._]  Petitioner provided no indication of when he plans to file a habeas petition in the state supreme court.

## II.     Petitioner Has Not Complied with the Court's Order

Petitioner has not complied with the Court's order to file a habeas petition in the California Supreme Court, despite having been given an extension of time to do so.  [_See_ Dkt. No. 53.]  Although he maintains that he only recently obtained needed materials – and that he still lacks access to his trial and sentencing transcripts – he never cited a lack of access to his trial record or other evidence as "good cause" for his failure to exhaust his claims.  Rather, he has only ever identified his lack of representation in his state habeas proceedings as the reason he was unable to exhaust his claims.  [_See_ Dkt. Nos. 16 at 2; 48 at 1.]  Thus, his belated attempt to use his purported lack of access to his trial record to justify his failure to exhaust is not persuasive.[2]

Moreover, even if the Court were inclined to entertain Petitioner's contentions about his lack of access to his trial-court record, they would not excuse his failure to comply with the Court's order because he has shown no diligence in attempting to obtain that record or any other needed materials.  His Petition has been pending in this Court since April 2019.  But he apparently did not request any materials from his former counsel until July 7, 2021 [_see_ Dkt. No. 52 at 2] – that is, over two years after he filed his federal

---

[2] For purposes of this order only, the Court credits Petitioner's implicit allegation that his former counsel did not provide him a copy of his trial-court record after the conclusion of his direct review process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:19-cv-03414-AB-PD                                                    Date: February 23, 2022

Title    *Lee Roy Miller v. Tammy Foss*

habeas petition and over three years since the California Supreme Court denied his petition for review [*see* Dkt. No. 9-3].[3]

What is more, he was aware of the need for his trial-court record long before he first requested it from his counsel in July 2021. Indeed, in September 2019, while the first stay of this matter was in place, he filed a state habeas petition in which he stated that he "d[id] not have [his] trial transcript." [Dkt. No. 18 at 3.] And in January 2021 – approximately six months before he attempted to contact his former counsel – he displayed a clear understanding of how important his trial transcripts were to his claims, asserting that the California Supreme Court would have granted him habeas relief if he had supported his claims with his trial transcripts. [*See* Dkt. No. 44 at 2.]

Finally, although Petitioner has identified no reason why he waited until July 2021 to ask his former counsel to provide him his trial record, the Court notes that Petitioner was demonstrably able to do so long before July 2021. A full year before he finally requested his trial-court record in July 2021, he had filed in this Court a Petition [*see* Dkt. No. 1], a request for appointment of counsel [*see* Dkt. No. 10], a motion to stay and a corresponding reply [*see* Dkt. Nos 12, 16], an opposition to a motion to dismiss [*see* Dkt. No. 13], and four separate status reports [*see* Dkt. Nos. 20, 24, 30, 32], among other filings. Accordingly, nothing prevented him from requesting his trial-court record from his former counsel in that same time or from addressing the specifically-identified defects in his one attempt to do so in superior court. *See Gaston v. Bock*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that district court did not err in denying petitioner equitable tolling

---

[3] Petitioner evidently requested his trial-court record from the state superior court in August 2020. [*See* Dkt. No. 44 at 5.] This effort does not, however, show diligence on Petitioner's part. On the contrary, the superior court responded to this request, noting that it was deficient and setting forth the basic information Petitioner needed to include in order for the superior court to process his request. [*See id.*] Petitioner, however, elected not to provide this information or make any other requests to the superior court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:19-cv-03414-AB-PD                                           Date: February 23, 2022

Title     *Lee Roy Miller v. Tammy Foss*

when he was able to file state habeas petitions during period for which he sought equitable tolling).

In short, there is no reason why Petitioner waited until July 2021 to request his trial-court record from his former counsel. Consequently, at this point, his lack of access to that record does not justify his failure to comply with the Court's order to file a state habeas petition setting forth all unexhausted claims contained in his Petition by December 29, 2021.

### III. Order

For the foregoing reasons, Petitioner is **ordered to show cause** why the Court should not vacate the stay in this matter for his failure to comply with the Court's October 29, 2021 order. [*See* Dkt. No. 53.] Petitioner shall respond to this order **no later than March 30, 2022**. In his response, Petitioner must either:

(1) set forth specific reasons, supported by any relevant evidence or exhibits, to justify his continued failure to comply with the Court's order, or

(2) provide notice to the Court that he has filed a habeas petition in the California Supreme Court setting forth all unexhausted claims contained in his Petition.

If Petitioner fails to comply with this Order, the Court will vacate the stay in this matter and file a Report and Recommendation, recommending that the Petition be dismissed for the reasons set forth in the Court's March 31, 2021 order and for failure to prosecute. [*See* Dkt. No. 47.]

**IT IS SO ORDERED**.

:
Initials of Preparer  im